IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James M. Taylor, Jr., | Case No. 3:08 CV 1626 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Hannah Marine Corp., | |
| Defendant. | |

Plaintiff James Taylor, Jr. fell from the retractable wheelhouse on the vessel *Donald C. Hannah* on June 28, 2006, resulting in a serious back injury. Taylor brought negligence and unseaworthiness claims under the Jones Act (formerly 46 U.S.C. § 688; now 46 U.S.C. § 30104) against his employer and the owner of the vessel, Defendant Hannah Marine Corp. (Doc. No. 1). Defendant has filed a Motion for Summary Judgment on all claims (Doc. No. 20) and Plaintiff has filed an Opposition (Doc. No. 27). For the reasons set forth below, Defendant's Motion is denied.

**BACKGROUND**

The retractable wheelhouse on the *Donald C. Hannah* could be raised up to approximately seventeen feet, and was controlled from inside the wheelhouse through the use of a lever. There was no gauge, indicator, or alarm to inform the operator of the wheelhouse whether it had reached its highest point, or a position where the wheelhouse could be exited safely (either level with the deck, or ten feet below deck). There was no catwalk around the wheelhouse, and no platform, landing, or stairs outside the wheelhouse doorway.

On the night of the accident, Plaintiff Taylor, at the time the Master of the *Donald C. Hannah*, exited the wheelhouse while it was raised approximately three feet higher than the boat deck, falling and severely injuring himself (Taylor depo. at 59). He thought he had lowered the wheelhouse to be level with the deck (Taylor depo. at 60). Taylor explained that he failed to completely lower the deck because he was "distracted by all the preparations for departure" (Taylor depo. at 63).

Taylor claims in this lawsuit that Hannah Marine was negligent under the Jones Act, and also liable because the vessel's alleged unseaworthiness caused his injury. Hannah Marine argues that it was not negligent, Taylor was 100% at fault for his injury, the vessel was not unseaworthy, and introduces the primary duty rule defense (Doc. No. 21).

## SUMMARY JUDGMENT STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### Jones Act Claim

A jury could reasonably find that Plaintiff's injury was at least partially caused by Defendant's negligence.

2

In order to recover under the Jones Act, a plaintiff must prove negligence. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 598 (6th Cir. 2001). The "ordinary prudence" standard is applicable in determining an employer's negligence. *Id.* Once a plaintiff has proven duty and breach, the causation element may be satisfied merely by showing that the employer's breach "is the cause, in whole or in part, of his injuries." *Id.* In the instant case, there are questions of fact that a jury must decide. One such question is whether Defendant exceeded the ordinary prudence standard by failing to install safety devices on the retractable wheelhouse (There are no gauges, indicators, or alarms of any kind which tell the operator when the wheelhouse is at its highest point, lowest point, or any position in between . . . There is no catwalk around the wheelhouse and no platform, landing, or stairs outside the entrance/exit doorway (Dinkel depo. at pp. 11-13 & 30-31)).

Defendant argues Plaintiff was completely at fault for his injury, and it therefore cannot be liable to him under Jones Act negligence principles. Contributory negligence and assumption of risk are not defenses to a negligence action under the Jones Act. *Jacob v. City of New York*, 315 U.S. 752, 755 (1942), *see also Perkins*, 246 F.3d at 598. While it is clearly possible Plaintiff was to some degree at fault for his injury, this Court cannot make the leap, viewing the facts in a light favorable to Plaintiff, that he is completely at fault. The comparative negligence of Plaintiff and Defendant is a question of fact for a jury to decide, if it were to find Defendant negligent in the first instance.

**Unseaworthiness Claim**

Unseaworthiness is generally a question of fact for the jury to decide. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006). The Court finds no compelling justification for departing from this general rule. Based on the record evidence cited above, a jury

3

could reasonably find in favor of Plaintiff. Whether the lack of safety devices for the retractable wheelhouse rendered the vessel unseaworthy is a jury question.

### Primary Duty Rule Defense

The primary duty rule does not in practice differ substantially from comparative negligence principles. The primary duty rule only bars recovery if the plaintiff's "breach of his consciously assumed duty" is the *sole* cause of the plaintiff's injury. *Churchwell*, 444 F.3d at 909 (6th Cir. 2006). If the defendant has independently caused the injury, in whole or in part, then the jury simply takes plaintiff's breach into consideration when applying the doctrine of comparative negligence. *Id.*

The rule might make a difference where a plaintiff in a particular position of responsibility assumed a greater duty of care than ordinary prudence. But in this case, where there is no evidence that Plaintiff expressly agreed to any standard of care or duty greater than that which is expected of an ordinarily prudent tugboat Master, the primary duty rule is redundant. The primary duty rule would lead to the same result by applying comparative negligence principles. In any event, this Court cannot grant summary judgment in favor of Defendant on the basis of either the primary duty rule or comparative negligence principles when there is some question of Defendant's independent fault.

### CONCLUSION

For the above reasons, Defendant Hannah Marine's Motion for Summary Judgment is denied. IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 23, 2009